# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMOL DAVID GARRETT,

                Petitioner,                Case Number: 2:10-CV-12109

v.                                                HONORABLE NANCY G. EDMUNDS

GREGORY MCQUIGGIN,

                Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Jamol David Garrett has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, challenges his conviction for assault with intent to rob while armed. For the reasons set forth below, the Court dismisses the petition without prejudice.

**I.**

Rule 4, Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner

first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner states that he filed a motion in the trial court in February 2010, raising the same claims raised in his habeas petition. According to Petitioner, the trial court has not yet ruled on the motion. He has not presented his habeas claims to the Michigan Court of Appeals or Michigan Supreme Court. These claims, therefore, are unexhausted, and, according to Petitioner, the motion raising these claims remains pending in the trial court. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

Petitioner argues that no avenue for exhaustion remains open for him in state court because four months have elapsed since he filed his motion in the trial court and he has not yet received a ruling. The exhaustion requirement may be excused where there is no opportunity to obtain relief in state court, or if the process to do so is so deficient as to render futile any effort to obtain relief in state court. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). An inordinate delay in

2

adjudicating state court claims where the state is clearly responsible for the delay may excuse the exhaustion requirement. *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992) (excusing exhaustion where post-conviction motion "languished" in state court for more than three years). *See also Tinsley v. O'Dea*, 1998 WL 124045 *1-2 (6th Cir. 1998) (holding that a 60-month delay in adjudicating a post conviction motion would not serve to excuse the exhaustion requirement; but also stating that the same delay in adjudicating a direct appeal would have been inordinate); *White v. O'Dea*, 1997 WL 693060 *1 (6th Cir. 1997) (holding eight-month delay in adjudicating post-conviction motion was not inordinate); *Harris v. Champion*, 48 F.3d 1127, 1132 (10th Cir. 1995) (holding that state appellate court process will be deemed ineffective if the state has been responsible for a delay of more than two years in adjudicating a habeas petitioner's direct criminal appeal). The four-month delay in adjudicating Petitioner's motion is clearly not inordinate and will not excuse the exhaustion requirement.

Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies. The Court is mindful that, in dismissing a

petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, May 19, 2010, until he returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 721. At this time, the Court makes no finding regarding the timeliness of this petition.

## II.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's

4

conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

### III.

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that a certificate of appealability is DENIED.


s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 11, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager